# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1056 | **DATE** | 9/3/2003 |
| **CASE TITLE** | Gregory Stalling vs. Union Pacific RR. Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Union Pacific's objection to Magistrate Judge Nolan's July 22, 2003 discovery order is overruled. Union Pacific has ten days from the date of this Memorandum Opinion and Order to produce the requested documents or seek a protective order from Magistrate Judge Nolan in accordance with this Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 04 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 83 |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | 03 SEP -3 PM 3:16 | | |
| TBK | courtroom deputy's initials | FILED FOR DOCKETING | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY STALLING, Special )
Administrator of the Estates of BECKY )
R. STALLING and RYAN NICHOLE )
STALLING, )
)
Plaintiff, )
)
v. ) No. 01 C 1056
) Paul E. Plunkett, Senior Judge
UNION PACIFIC RAILROAD COMPANY )
and NATIONAL RAILROAD PASSENGER )
CORPORATION d/b/a AMTRAK )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

On July 22, 2003, Magistrate Judge Nolan issued an order compelling Union Pacific ("UP") to produce its claims operations reference guide. UP objects to that order on the grounds that the guide is protected by the work product doctrine. For the reasons set forth below, UP's objection is overruled.

### Discussion

We can modify Magistrate Judge Nolan's discovery order only if it is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). UP says that it is because the guide she ordered them to produce is protected by the work product privilege. The work product privilege is codified in

83

Federal Rule of Civil Procedure ("Rule") 26, which exempts from disclosure "documents . . . prepared in anticipation of litigation or for trial." FED. R. CIV. P. 26(b)(3). "The work product rule does not[, however,] come into play merely because there is a remote prospect of future litigation." Binks Mfg. Co. v. National Presto Indus., Inc., 709 F.2d 1109, 1118 (7th Cir. 1983) (internal quotation marks and citation omitted). Rather, a document is deemed to have been prepared in anticipation of litigation only if the "nature of the document and the factual situation in the particular case" suggest that the document was "prepared . . . *because* of the prospect of litigation." Id. at 1119 (internal quotation marks and citation omitted).

The UP claims operations reference guide is a comprehensive reference tool for UP claims representatives. It discusses the claims representatives' duties, which include investigating and settling most of the claims asserted against UP, in great detail. Of course, any claim asserted against the railroad may ripen into litigation, so the manual discusses that contingency. But that does not transform what is essentially a training manual for UP risk management employees into attorney work product. See id. ("The mere contingency that litigation may result is not determinative. If in connection with an accident or an event, a business entity in the ordinary course of business conducts an investigation for its own purposes, the resulting investigative report is produceable in civil pre-trial discovery."); Auto Owners Ins. Co. v. Totaltape, Inc., 135 F.R.D. 199, 202-03 (M.D. Fla 1990) (holding that insurer's claims manual and guidelines for business interruption claims were not work product because they were created in the ordinary course of business). Absent evidence that the prospect of this or some other litigation motivated UP to create the guide, and it has provided none, the work product doctrine does not exempt it from discovery. UP's privilege objection is, therefore, overruled.

Even if the guide must be produced, UP requests that the Court enter a protective order limiting its dissemination. Rule 26(c) authorizes the Court to enter such an order only if the party seeking the order "certifi[es] that [it] has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." UP's motion contains no such certification. Unless and until UP's informal efforts to resolve this issue with plaintiff fail, its motion for a protective order is not ripe.

## Conclusion

For the reasons set forth above, UP's objection to Magistrate Judge Nolan's July 22, 2003 discovery order is overruled. UP has ten days from the date of this Memorandum Opinion and Order to produce the requested documents or seek a protective order from Magistrate Judge Nolan in accordance with this Opinion.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** 9-3-03